**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CORA FRANKLIN, | ) | CASE NO. 1:26-CV-01213 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| CLEVELAND CLINIC LUTHERAN | ) | **ORDER** |
| HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Cora Franklin filed a civil rights complaint against Cleveland Clinic Lutheran Hospital.  (ECF No. 1).  Plaintiff did not pay the filing fee.  Rather, Plaintiff filed an application to proceed with this action *in forma pauperis* ("IFP") (ECF. No. 2).  The application, however, is implausible on its face.  In her application, Plaintiff indicates that she is not currently employed.  Under the "rent or mortgage" expense category, she does not identify a payment, but she checks the boxes indicating that real estate taxes and property insurance are not included.  (*Id.* at PageID #15).  For the remainder of the application, Plaintiff filled all of the blanks of the IFP with "0's," or "N/A," suggesting she has no assets, no debt, no income or support of any kind, and no living expenses, including food, shelter, or utilities.  (*Id.*).  Plaintiff lists an address on her application, but she provides no explanation of how she can live in the residence if she is receiving no income or support of any kind from anyone else.  (*Id.* at PageID #13).  Further, Plaintiff lists a phone number on her application, which suggests she has utility expenses, yet she fails to disclose this expense to the Court or disclose a means of support or a source of income to address this expense.  (*Id.*).  It is inconceivable that Plaintiff does not purchase food or obtain food assistance from another source.  Plaintiff signed the application "under penalty of perjury," attesting that the

1

information in the IFP was true and correct.  (*Id.*).  At best, Plaintiff has failed to make a sincere attempt to properly complete the IFP application.  Construed less generously, it appears that the application was not completed truthfully.

Title 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of court filing fees by filing a sworn application to proceed *in forma pauperis*.  But proceeding *in forma pauperis* is a privilege, not a right.  *See Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). "Under [§ 1915(a)], the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit." *Dandridge v. Hooman*, No. 05-2401, 2006 WL 27184, at *1 (W.D. Tenn. Jan. 5, 2006).  "The decision to grant or deny an application to proceed *in forma pauperis* lies within the sound discretion of the district court." *Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004) (citing *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988)).

Because Plaintiff has not provided the Court with credible or plausible information regarding her income, expenses, and other factors bearing upon her ability to pay the filing fee, the Court is unable to fulfill its obligation to assess Plaintiff's indigent status, and her motion to proceed IFP is denied.  *See Liggins v. Am. Elec. Power Co.*, No. C2-04-502, 2008 WL 2491749, at *2 (S.D. Ohio June 17, 2008) (denying motion to proceed on appeal IFP where plaintiff failed to support her motion with sufficient detail to provide the court with adequate information to determine if she lacks the financial resources to pay the filing fee) (citing *Flippin*, 107 F. App'x at 521); *see also Reynolds v. Fed. Bureau of Prisons*, 30 F. App'x 574 (6th Cir. 2002) (finding that the district court acted within its discretion in denying plaintiff's IFP application where plaintiff did not identify his securities with particularity or offer a credible estimate of their value) (citation omitted).

Accordingly, Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **DENIED**

and this action is **DISMISSED WITHOUT PREJUDICE**.  The Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  Plaintiff may reopen this case within thirty (30) days of the date of this Order by first paying the full filing fee of $405.00 and then filing a motion to reopen.  The Court will not accept additional documents for filing in this case, including a motion to reopen or a motion for reconsideration, unless and until the full filing fee is paid to the Court's satisfaction.  Furthermore, the filing fee must be paid by check made payable to the United States District Court for the Northern District of Ohio.  The Court does not accept bills of exchange, promissory notes, or other types of "negotiable instruments."  The Court reminds Plaintiff that should she proceed in this manner, she is responsible for serving the complaint upon Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

   **IT IS SO ORDERED.**

Dated: June 22, 2026

_____

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**